**Theda H. GOODRIDGE, Plaintiff,**

v.

**SIEMENS ENERGY, INC., Defendant.**

No. 4:11–CV–240–VEH.

United States District Court,
N.D. Alabama,
Middle Division.

Sept. 28, 2011.

Theda H. Goodridge, Fort Payne, AL, pro se.

Charles A. Powell, IV, Littler Mendelson, PC, Birmingham, AL, for Defendant.

### NOTICE AND SCHEDULING ORDER

VIRGINIA EMERSON HOPKINS, District Judge.

This case is before the court on Defendant Siemens Energy, Inc's Motion To Dismiss Plaintiff's Complaint (the "Motion") (doc. 7), filed on September 27, 2011. Because the Plaintiff is proceeding *pro se,* the court hereby notifies the Plaintiff that the deadline for her to oppose the Motion is October 17, 2011. The Plaintiff may respond by telling the court why her existing Complaint meets the legal standards required by Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure, or she may respond by filing an Amended Complaint that adds the facts that the Defendant says, in its Motion, are required in order for her complaint to be legally sufficient to require an answer from the Defendant. In either event, Plaintiff must sign and date her response or Amended Complaint, mail a copy, first class postage prepaid, to the Defendant's attorneys who filed the Motion, and cause it to be received by the court no later than October 17, 2011.

### I. *Rules 8 and 12(b)(6)*

 Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a motion to dismiss all or some of the claims in a complaint on the ground that its allegations fail to state a claim upon which relief can be granted. Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2

L.Ed.2d 80 (1957). The court assumes the factual allegations in the complaint are true and gives the plaintiff the benefit of all reasonable factual inferences. *Hazewood v. Foundation Financial Group, LLC,* 551 F.3d 1223, 1224 (11th Cir.2008) (per curiam). However, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) ("Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."). Nor is it proper to assume that the plaintiff can prove facts it has not alleged or that a defendant has violated the law in ways that have not been alleged. *Twombly,* 550 U.S. at 563 n. 8, 127 S.Ct. 1955 (citing *Associated Gen. Contractors of Cal., Inc. v. Carpenters,* 459 U.S. 519, 526, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983)).

 "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.,* 550 U.S. at 555, 127 S.Ct. 1955 (citations, brackets, and internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level. . . ." *Id.* Thus, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" i.e., its "factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949 (quoting *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955).

### II. *Pleading Alternative Theories*

 Additionally, Rule 8(d)(2) and (3) permit a plaintiff to allege inconsistent claims.

(2) **Alternative Statements of a Claim or Defense.** A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.

(3) **Inconsistent Claims or Defenses.** A party may state as many separate claims or defenses as it has, *regardless of consistency.*

Fed.R.Civ.P. 8(d)(2) and (3) (emphasis supplied). Thus, this court rejects Defendant's argument, in the first paragraph of Section II.B. of its Motion, that a plaintiff cannot, at the initial pleadings stage of her case, before any discovery has occurred, allege disparate treatment claims under both Title VII and the ADEA. *Gross v. FBL Fin. Servcs., Inc.,* 557 U.S. 167, 129 S.Ct. 2343, 174 L.Ed.2d 119 (2009), relied upon by Defendant for this assertion, was tried to a jury verdict on plaintiff's sole claim, demotion based on age in violation of the ADEA. The trial judge gave the jury a "mixed-motives" instruction. The Supreme Court held that a mixed-motives instruction is never appropriate in an ADEA case.

We hold that a plaintiff bringing a disparate-treatment claim pursuant to the ADEA must prove, by a preponderance of the evidence, that age was the "but-for" cause of the challenged adverse employment action. The burden of persuasion does not shift to the employer to show that it would have taken the action regardless of age, even when a plaintiff has produced some evidence that age was one motivating factor in that decision.

*Gross v. FBL Financial Services, Inc.,* 129 S.Ct. at 2352.

Thus, although, after *Gross* (and *Twombly* and *Iqbal* ), a plaintiff who brings a claim under the ADEA must allege *facts sufficient to support a reasonable inference* that age was the "but for" cause of the adverse employment action challenged *under that claim, Gross* does not in any way limit a plaintiff's ability to plead alternative facts and alternative theories.[1]

The Clerk is **DIRECTED** to send a copy of this Order and all future orders to Plaintiff at her address of record.

---

1. The court is aware of the holding of *Culver v. Birmingham Bd. Of Educ.,* 646 F.Supp.2d 1272 (N.D.Ala.2009) but is not persuaded by it, and it is not binding on this court.